IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUSTIN E. FAIRFAX | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-01176-AJT-MSN |
| | ) |
| CBS CORPORATION, and | ) |
| CBS BROADCASTING INC. | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO FOR ATTORNEYS' FEES AND COSTS**

<div style="text-align:right">

Sara E. Kropf (VSB #84931)
Daniel M. Portnov (*admitted pro hac vice*)
KROPF MOSELEY PLLC
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
dan@kmlawfirm.com

*Counsel for Plaintiff Justin E. Fairfax*

</div>

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………………ii

**I.      INTRODUCTION**......................................................................................................1

**II.     THE IMMUNITY STATUTE DOES NOT APPLY**…………………………..2

**III.    AN AWARD OF ATTORNEYS' FEES AND COSTS
         UNDER VIRGINIA CODE § 8.01-223.2 IS BOTH
         PREMATURE AND UNWARRANTED**..............................................................2

**CONCLUSION** ........................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Commonwealth*, 182 Va. 560 (1944) ................................................................. 3

*Anderson v. Yungkau*, 329 U.S. 482 (1947) ........................................................................... 3

*Arnold v. Burger King Corp.*, 719 F.2d 63 (4th Cir. 1983) ................................................ 4, 5

*Barr v. Town & Country Props., Inc.*, 240 Va. 292 (1990) .................................................... 3

*Beck v. Shelton*, 267 Va. 482 (2004) ...................................................................................... 2

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978) .................................................................................................................... 4, 5

*Coles v. Commonwealth*, 44 Va. App. 549 (2004) ................................................................. 2

*Doe v. Burke*, 133 A.3d 569 (D.C. 2016) ............................................................................. 13

*E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510 (4th Cir. 2012) ................................................ 4

*E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145 (4th Cir. 2014) ...................................... 4-5

*Posey v. Commonwealth*, 123 Va. 551 (1918) .................................................................... 2-3

*Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332 (4th Cir. 1996) .......................... 3

**Statutes**

California Civil Procedure Code § 425.16(c). ....................................................................... 3

DC ST § 16-5502 and § 16-5503 ........................................................................................... 4

Indiana Civil Code § 34–7–7–7, 8 ......................................................................................... 4

Va. Code § 8.01-223.2 ................................................................................................... 1, 2, 3

I.      INTRODUCTION

Defendants have filed a Motion to Dismiss, which must fail because Fairfax's Amended Complaint has sufficiently pled causes of action for defamation and intentional infliction of emotional distress.  As more fully set forth in Fairfax's Opposition to the Motion to Dismiss, Fairfax has properly pled actual malice and Defendants are not immune from liability for defamation, therefore the Motion for Attorneys' Fees and Costs must be denied.

In arguing their Motion Dismiss, Defendants tellingly deviated into the introduction of facts (through "judicial notice") that are outside the scope of the pleadings with apparent hope that the Court would treat their Motion as one for summary judgment.  In the spirit of Defendants' envisaging we are at the summary judgment stage; the Defendants now request attorneys' fees and costs as if the Court had properly before it a complete record upon which to make such decisions.  Contrary to the Defendants' view, the Court has not yet engaged in fact finding that Fairfax failed to establish actual malice or that Defendants are entitled to immunity under Va. Code § 8.01-223.2.  Notwithstanding the aforementioned, Defendants ask the Court to grant them attorneys' fees and costs now, in a mandatory fashion not supported by law and premised on their version of the facts outside of the scope of the Amended Complaint.  This Motion is another not-so-veiled attempt by the Defendants to preview their case to the Court before discovery and before summary judgment.  In filing the Motion for Attorneys' Fees and Costs, the Defendants have put not one, but several carts before the horse in requesting attorneys' fees.  Even if the Defendants' Motion for Attorneys' Fees and Costs were not premature, there are insufficient grounds for the award of fees and costs in this case.  The Motion for Attorneys' Fees and Cost must be denied.

## II.   THE IMMUNITY STATUTE DOES NOT APPLY

Defendants concede that, should this Court find that Fairfax has properly pled that Defendants acted with actual malice in publishing the Watson and Tyson interviews, they would lose immunity from this defamation claim under Virginia Code § 8.01-223.2. *See* Motion to Dismiss at 37-38. Because Fairfax has properly pled actual malice (*see* Section II, Opposition to Motion to Dismiss), Defendants are not immune from liability for defamation. For this reason alone, the Court should dismiss this Motion.

## III.   AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER VIRGINIA CODE § 8.01-223.2 IS BOTH PREMATURE AND UNWARRANTED

The Defendants begin their pitch for attorneys' fees by making a critical misstatement of the law. Defendants state, "[a]lthough because the statute is relatively new, there is no controlling authority regarding whether the fee award provision should be considered permissive or mandatory." Mot. at 3. The Defendants get one thing right in this statement, that the attorneys' fees provision in the statute was enacted approximately three years ago and that no cases granting or denying such an award under § 8.01-223(B) exist. The attorney fees provision in § 8.01-223(B) reads, "[a]ny person who has a suit against him dismissed pursuant to the immunity provided by this section **may** be awarded reasonable attorney fees and costs." [emphasis added]. Therefore, Defendants are thoroughly misguided to suggest that in the absence of any authority the word "may" should be considered permissive or mandatory. The word "may" is clearly and unambiguously discretionary, not mandatory. When interpreting statutory language that "is plain and unambiguous, we are bound by the plain meaning of the statutory language." *Coles v. Commonwealth*, 44 Va. App. 549, 557 (2004) (quoting *Beck v. Shelton*, 267 Va. 482, 488 (2004)). When statutory language is plain and unambiguous "we are not permitted to 'add or to subtract from the words used in the statute.'" *Id*. (quoting *Posey v.*

2

*Commonwealth*, 123 Va. 551, 553 (1918)). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute." *Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990); *see also Anderson v. Commonwealth*, 182 Va. 560, 566 (1944) ("Courts are not permitted to rewrite statutes. This is a legislative function."); *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1338 (4th Cir. 1996) ("Congress, as we have discussed, wrote that a district court "may" grant attorney's fees. It did not write that fees "shall" or "must" be awarded in every mixed-motive case, and we are not at liberty to place in its mouth words which are not there.").

Here, the Defendants suggest that "may" and "shall" can be synonymous. "Even young children would say otherwise. They learn early on that 'may' is a wonderfully permissive word. 'Shall,' by contrast, is more sternly mandatory. And whatever the merits of believing 'may' means 'shall,' they do not apply when Congress has employed the two different verbs in neighboring statutory passages." *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1338; *see Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) ("when the same Rule uses both 'may' and 'shall,' the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory"). What is clear from reading the simple language of § 8.01-223(B) is that the Virginia General Assembly has left the imposition of attorneys' fees and costs to the discretion of the court; and there is no statutory presumption in favor of attorneys' fees or judicially created presumption in any case interpreting the same.

Next, Defendants invite the Court look to California,[1] Indiana[2] and the District of Columbia to interpret § 8.01-223(B). Mot. at 4. Existing, controlling U.S. Supreme Court and

---

[1] California's anti-SLAPP statute, in contrast to Virginia's statute, has elected to make the recovery of attorneys' fees and costs mandatory. *See* California Civil Procedure Code § 425.16(c).

3

Fourth Circuit authority provide ample guidance in evaluating the discretionary imposition of attorneys' fees and costs. While the District of Columbia's anti-SLAPP statute(s) appear to be permissive, its statute(s) are rather distinct from Virginia in part because it sets aside a specific procedure (not found in the Virginia Code) for a special motion to dismiss with the requirement of a *prima facie* showing by the Defendant before such attorneys' fees will be considered. *See* DC ST § 16-5502 and § 16-5503. In any event, the U.S. Supreme Court, the Fourth Circuit and the District of Columbia all recognize that frivolousness or lack thereof is at the heart of the analysis. *See generally*, *Doe v. Burke*, 133 A.3d 569 (D.C. 2016); *Arnold v. Burger King Corp.*, 719 F.2d 63 (4th Cir. 1983); *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978).

An award of attorneys' fees to a prevailing defendant is a "conservative tool, to be used sparingly" in cases in which the plaintiff initiated or continued to litigate a claim that the plaintiff "knew or should have known was groundless, frivolous, or unreasonable*." E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145, 151 (4th Cir. 2014) (citing *E.E.O.C. v. Great Steaks, Inc*., 667 F.3d 510, 517 (4th Cir. 2012) (citations and internal quotation marks omitted)). The Fourth Circuit recognizes that there is neither a precise test to be used, nor a specific quantum of proof required, in determining whether a plaintiff's claim was unreasonable. *E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d at 151 (citing *Arnold v. Burger King Corp*., 719 F.2d 63, 65 (4th Cir.1983)). "Instead, a decision whether attorneys' fees should be awarded to a prevailing defendant under the *Christiansburg* standard "is peculiarly within the province of the trial judge, who is on the scene and able to assess the oftentimes minute considerations which weigh in the initiation of a legal

---

[2] Unlike Virginia, Indiana's state statute provides that a prevailing defendant is "entitled" to attorneys' fees. *See* Indiana Civil Code § 34–7–7–7. Note also that under Indiana law, a Plaintiff is also eligible to recover attorneys' fees if the Defendant filed a frivolous motion to dismiss or to cause unnecessary delay. Indiana Civil Code § 34–7–7–8.

action." *Id*. (quoting *Arnold*, 719 F.2d at 65). The "one common strand running through all" attorneys' fees cases attempting to distinguishing frivolous (discrimination) claims from ones having merit, "is that assessment of frivolousness and attorneys' fees are best left to the sound discretion of the trial court **after a thorough evaluation of the record and appropriate factfinding**." *Arnold v. Burger King Corp*., 719 F.2d at 66 (emphasis added). The Supreme Court has cautioned that in evaluating what criteria should govern the award of attorney's fees to a prevailing (Title VII) defendant,

> . . . [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.*, at 421-22.

The Defendants are, at best, premature in requesting attorneys' fees and at worst are trying to preview their own facts, exhibits and evidence during a motion for summary judgment dressed up in a motion to dismiss and a motion for attorneys' fees and costs. This Court should not consider the exhibits and evidence submitted by Defendant until the appropriate time, at a motion for summary judgment. In addition, the Court should not evaluate sanctions in favor of attorneys' fees until a thorough record exists and appropriate factfinding has been made. Defendants factual arguments on pages seven through ten are inappropriate at this stage in the proceedings and should not be considered until summary judgment, after all parties have had a fair opportunity to conduct discovery.

## CONCLUSION

For the reasons stated in Fairfax's Opposition to the Motion to Dismiss and in this Opposition, the Defendants Motion for Attorneys' Fees and Costs should be denied.

Dated this 18th day of November 2019.

Respectfully submitted,

*/s/ Sara E. Kropf*
Sara E. Kropf (VSB #84931)
Daniel M. Portnov (*admitted pro hac vice*)
KROPF MOSELEY PLLC
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
dan@kmlawfirm.com

Jane M. Reynolds (VSB #71394)
Law Offices of J.M. Reynolds, PLLC
9238B Mosby Street
Manassas, VA 20110
(703) 680-2358
lawoffices@jmreynoldspllc.com

Kiah Spinks (VSB #83111)
Spinks Law PLLC
P.O. Box 393
Occoquan, VA 22125
(571) 247-6495
kspinks@spinkslawpllc.com

*Counsel for Plaintiff Justin E. Fairfax*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th of November, 2019, I caused a copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

<div style="margin-left:50%">

*/s/ Sara E. Kropf*
Sara E. Kropf (VSB #84931)
KROPF MOSELEY PLLC
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com

*Counsel for Plaintiff Justin E. Fairfax*

</div>