# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| JUSTIN E. FAIRFAX,<br><br>          Plaintiff,<br><br>      v.<br><br>CBS CORPORATION and CBS BROADCASTING INC.,<br><br>          Defendants. | Case No. 1:19-cv-01176-AJT-MSN |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Lee Levine (*pro hac vice*)
Jay Ward Brown, Va. Bar No. 34355
Matthew E. Kelley, Va. Bar No. 84045
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Phone: 202-661-2200
Fax: 202-661-2299
levinel@ballardspahr.com
brownjay@ballardspahr.com
kelleym@ballardspahr.com

*Counsel for Defendants CBS Corporation and CBS Broadcasting Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     INTRODUCTION ..................................................................................................................1

II.    FAIRFAX'S ARGUMENT REGARDING "MAY" VERSUS "SHALL"
IS A RED HERRING ..............................................................................................................2

III.   FAIRFAX DOES NOT CONTEST HIS ULTERIOR MOTIVE ......................................3

IV.   CBS'S MOTION FOR ATTORNEYS' FEES IS NOT PREMATURE,
AND DELAYING AN AWARD WOULD UNDERMINE
THE VIRGINIA ANTI-SLAPP STATUTE ........................................................................3

CONCLUSION ..........................................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Barry v. State Bar of Cal.*,
   386 P.3d 788 (Cal. 2017) ...........................................................................................4

*Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*,
   434 U.S. 412 (1978) ..................................................................................................2

*Clifford v. Trump*,
   No. CV 18-06893-SJO (FFMx), 2018 U.S. Dist. LEXIS 211297 (C.D. Cal.
   Dec. 11, 2018) ..........................................................................................................4

*Doe v. Burke*,
   133 A.3d 569 (D.C. 2016) .....................................................................................1, 2

*Edwards v. Schwartz*,
   378 F. Supp. 3d 468 (W.D. Va. 2019) ......................................................................4

*Lee v. Mut. Res. Fund Life Ass'n*,
   97 Va. 160, 162, 33 S.E. 556, 557 (1899) ................................................................2

*Metabolife Int'l, Inc. v. Wornick*,
   213 F. Supp. 2d 1220 (S.D. Cal. 2002) .....................................................................4

**Statutes & Other Authorities**

42 U.S.C. § 2000e-5(k) ......................................................................................................3

Va. Code § 8.01-223.2 ...............................................................................................1, 2, 3

Defendants CBS Broadcasting Inc. and CBS Corporation (together, "CBS") respectfully submit this reply memorandum in support of their Motion for Attorneys' Fees and Costs.

## I. INTRODUCTION

Fairfax concedes that, if the Court grants CBS's Motion to Dismiss on the ground that he has failed to plead a plausible case of actual malice, then Virginia's anti-SLAPP statute, Va. Code § 8.01-223.2 (2017), applies and the Court should then proceed to consider this motion and whether to award to CBS its fees and costs. *See* Mem. Opp. to Defs.' Mot. for Attorneys' Fees and Costs ("Fee Opp.") at 2 (Dkt. 36); *see also* Mem. Opp. to Defs.' Mot. to Dism. at 28 (Dkt. 35). In his memorandum on the fees question, Fairfax focuses primarily on a strawman, the question whether Section 223.2(B) *mandates* an award of attorney's fees to a prevailing defendant, a proposition CBS did not argue. Rather, CBS asserted that, properly construed, such an award should be *presumptive* under Section 223.2(b) in circumstances such as these. And Fairfax has made no showing that such an award, whether presumptive or entirely discretionary, should be denied in this case.

## II. FAIRFAX'S ARGUMENT REGARDING "MAY" VERSUS "SHALL" IS A RED HERRING

Fairfax devotes much of his Opposition to arguing a proposition not contested by CBS, namely, that Virginia's anti-SLAPP statute does not, on its face, mandate a fee award. *See* Fee Opp. at 2-4. While CBS acknowledged there is no Virginia case law on this question, *see* Mem. Supp. Defs' Mot. for Attorneys' Fees and Costs ("Fee Mem.") at 3 (Dkt. 20), CBS argued that this Court should take guidance from the District of Columbia courts' application of the District's anti-SLAPP statute, which has a parallel permissive fee-shifting provision. *See id.* at 5. As courts in that jurisdiction have held, fees *presumptively* should be awarded in the event the

court dismisses an action to which the statute applies, even absent evidence of improper motive or bad faith. *Id.* (citing *Doe v. Burke*, 133 A.3d 569, 575 (D.C. 2016)).[1]

Fairfax is simply wrong in insisting that use of the word "may" in Virginia's statute means that fee awards under the statute cannot be either mandatory or presumed. The Virginia Supreme Court has long recognized that "[t]he word *may* in a statute . . . which is in furtherance of justice means the same as *shall*." *Lee v. Mut. Res. Fund Life Ass'n*, 97 Va. 160, 162, 33 S.E. 556, 557 (1899) (statute stating that, where party is misjoined, the court "may" dismiss suit against misjoined party and proceed with properly joined parties, was mandatory, not permissive). Moreover, the Title VII case law that Fairfax cites involves a fee-shifting statute that similarly is permissive on its face but – in the case of plaintiffs who prevail on discrimination claims – *presumptively* favors a fee award. *See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 417 (1978).[2] The proposition that Section 223.2 presumptively calls for a fee award to a prevailing defendant therefore is supported by both case law and public policy.

---

[1] Fairfax inaccurately states that *Doe* stands for the proposition that "frivolousness or lack thereof is at the heart of the analysis" in determining whether to award fees, Fee Opp. at 4, when the D.C. Court of Appeals actually held the opposite, *Doe*, 133 A.3d at 573-74.

[2] The reason that a fee award is presumed for prevailing Title VII plaintiffs but not defendants also justifies presumptive fee awards to prevailing defendants under Section 223.2. Title VII plaintiffs should receive fee awards as a matter of course when they prevail because they have vindicated an important public policy against a defendant that violated federal law. *Christiansburg Garment Co.,* 434 U.S. at 418-19. Similarly, a defamation defendant who prevails against a plaintiff bringing a SLAPP suit has vindicated the First Amendment's protection for speech on issues of public concern, a public policy the Virginia legislature expressly sought to vindicate through Section 223.2.

### III.  FAIRFAX DOES NOT CONTEST HIS ULTERIOR MOTIVE

In its memorandum, CBS detailed why an award of attorneys' fees is especially appropriate in this case: there is little doubt that Fairfax filed this lawsuit in order to advance his own political agenda and attack his political opponents.  *See* Fee Mem. at 3, 6-11.  While Fairfax argues that the Court should not award to CBS its attorneys' fees and costs, he does not even attempt to contest CBS's assertion that this ulterior motive undergirds this lawsuit.  CBS therefore should be awarded its reasonable attorneys' fees and costs because it is uncontested that this is precisely the kind of speech-suppressing lawsuit the statute was enacted to discourage.

### IV.  CBS'S MOTION FOR ATTORNEYS' FEES IS NOT PREMATURE, AND DELAYING AN AWARD WOULD UNDERMINE THE VIRGINIA ANTI-SLAPP STATUTE

Fairfax argues that CBS's Motion is "premature."  *See* Fee Opp. at 5.  This contention is without merit, and if adopted by the Court, would severely undermine the purpose of Virginia's anti-SLAPP statute.

To support his argument, Fairfax relies exclusively on Title VII case law in which courts considered whether to award attorneys' fees to prevailing defendants.  *Id.*  This reliance is misplaced:  Title VII is silent as to when, procedurally, courts may award attorneys' fees.  *See* 42 U.S.C. § 2000e-5(k) (courts "may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs").  The Virginia anti-SLAPP statute is more specific:  It explicitly states that a person "who has a suit against him *dismissed* pursuant to the immunity provided by this section may be awarded reasonable attorney fees and costs."  Va. Code § 8.01-223.2(B) (emphasis added).

3

Fairfax also appears to imply that a fee award is permissible only after discovery. *See* Fee Opp. at 5 (arguing the Court should wait to consider CBS's motion "until a thorough record exists and appropriate factfinding has been made"). Virginia's statute requires no such record or fact-finding endeavor.

To the extent Fairfax is asserting either that it would be premature for the Court to award attorneys' fees and costs in the event it dismisses Fairfax's Amended Complaint, or that the parties must engage in fact-finding before the Court can consider CBS's Motion even if the Court dismisses this action, adopting either position would be contrary to the plain language of the statute and undermine its purpose. As CBS has explained, anti-SLAPP statutes are intended to deter "chilling" of speech on matters of public interest, *see Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002), and to discourage future SLAPP litigation, *see Clifford v. Trump*, No. CV 18-06893-SJO (FFMx), 2018 U.S. Dist. LEXIS 211297, at *17-18 (C.D. Cal. Dec. 11, 2018). The public policy that motivates anti-SLAPP legislation is analogous to that reflected in applying the plausibility analysis to defamation complaints by public officials. *Compare Barry v. State Bar of Cal.*, 386 P.3d 788, 794 (Cal. 2017) (fee provision is meant to "compensate[e] the prevailing defendant for the undue burden of defending against litigation designed to chill the exercise of free speech rights"), *with Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500 (W.D. Va. 2019) ("[B]ecause the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions").

In the event the Court dismisses Fairfax's Amended Complaint, therefore, it is entirely appropriate for the Court to award attorneys' fees and costs to CBS.

## CONCLUSION

For all of the foregoing reasons and those set forth in its opening memorandum, CBS respectfully requests that the Court, upon granting the accompanying Motion to Dismiss, enter an order awarding to CBS its reasonable attorneys' fees and costs in an amount to be determined at a later date.

Dated:  November 29, 2019					Respectfully submitted,

							BALLARD SPAHR LLP

							By  */s/ Matthew E. Kelley*
							     Lee Levine (*pro hac vice*)
							     Jay Ward Brown, Va. Bar No. 34355
							     Matthew E. Kelley, Va. Bar No. 84045
							1909 K Street NW, 12th Floor
							Washington, DC  20006-1157
							Phone: 202-661-2200
							Fax: 202-661-2299
							levinel@ballardspahr.com
							brownjay@ballardspahr.com
							kelleym@ballardspahr.com

							*Counsel for Defendants CBS Corporation and CBS Broadcasting Inc.*

6

**CERTIFICATE OF SERVICE**

I certify that on November 29, 2019, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

   /s/ Matthew E. Kelley
Matthew E. Kelley, Va. Bar No. 84045
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Phone: 202-661-2200
Fax: 202-661-2299
kelleym@ballardspahr.com

*Counsel for Defendants CBS Corporation and CBS Broadcasting Inc.*