# **Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-cv-02387 (APM) |
| MICHELLE COTTLE, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Following the court's dismissal of his original pleading, *see* Mem. Op. and Order, ECF No. 16 [hereinafter Mem. Op.], Plaintiff Joseph Arpaio seeks leaves to file an Amended Complaint, *see* Pl.'s Mot. for Leave to Amend Compl., ECF No. 17 [hereinafter Pl.'s Mot.]; Am. Compl., ECF No. 18-1 (redlined Amended Complaint).[1]  Because Plaintiff's Amended Complaint could not withstand a motion to dismiss, thus rendering leave to amend "futile," *Moldea v. New York Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994), Plaintiff's motion is denied.

The court dismissed Plaintiff's original complaint primarily because Plaintiff failed to plead facts that supported a plausible inference of "actual malice" on the part of Defendant Michelle Cottle, the author of the article at issue. *See* Mem. Op. at 6–9. Actual malice is an element of each of Plaintiff's defamation claims; he does not assert otherwise. *See* Am. Compl. ¶¶ 43, 55, 62. To cure the pleading deficiency, Plaintiff once more offers a litany of conclusory assertions as to actual malice, which, as before, the court disregards. *See, e.g., id.* ¶¶ 23, 25–27 (baldly claiming that Defendants "acted with actual malice"). But this time around Plaintiff also

---

[1] Defendants filed an opposition brief, *see* Defs.' Mem. of Law in Opp'n to Pl.'s Mot., ECF No. 19, but Plaintiff did not file a reply.

offers factual averments, which the court must consider. Those facts fall into two general categories. First, Plaintiff alleges that Defendants failed to investigate "seriously false allegations," *id.* ¶ 31; *see also id.* ¶ 34 (Defendants "purposefully avoid[ed] interviewing anyone who could contradict their story"), ¶ 36 (Defendants did not "seek meaningful comment from anyone who could provide a different perspective"); ¶ 37 (Defendants "fail[ed] to interview anyone concerning the article"); ¶ 40 (Defendants "purposefully avoided interviewing sources and following fundamental reporting practices intentionally in order to avoid the truth"). Second, Plaintiff contends that Defendants did not seek comment from Plaintiff "or his lay or legal representatives," *id.* ¶ 31; *see also id.* ¶ 35 (Defendants "failed to request a comment from Plaintiff Arpaio or his lay or legal representatives even though they knew they would contradict many of the defamatory statements"). Plaintiff also makes assertions as to Defendants' motive and intent, which although not allegations of fact in a strict sense, the court nevertheless considers. Plaintiff claims that (1) Defendants were out to "get" Plaintiff because of his conservative stance on immigration and his support for President Trump, *id.* ¶ 31; *see also id.* ¶ 39 (Defendants wanted to "return the favor" to Plaintiff); and (2) Defendants developed a preconceived "view or slant" about Plaintiff, *id.* ¶ 31. None of these allegations, individually or taken together, are sufficient to make out a plausible inference of actual malice.

To begin, Plaintiff's allegations concerning the failure to investigate do not plausibly establish actual malice. A "failure to investigate will not alone support" the required degree of recklessness, *Harte–Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989), nor will "an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers[,]" *id.* at 666 (internal quotation marks and citation omitted). Only if a reporter has a "reason to doubt" the information upon which she relies can the failure to investigate

2

qualify as evidence of reckless disregard of the truth. *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 594 (D.C. Cir. 2016) (quoting *McFarlane v. Sheridan Square Press, Inc.*, 91 F.3d 1501, 1510 (D.C. Cir. 1996)). Here, the Amended Complaint offers no basis on which Defendants would have had reason to doubt the alleged defamatory statements written about Plaintiff. As the court previously observed, based on the amassed public record "there is ample reason to reject Plaintiff's claim that 'Defendants could not possibly have believed' the truthfulness of the Article's assertions of fact." Mem. Op. at 8–9. Nothing in the Amended Complaint alters that conclusion.

Nor does Defendants' failure to seek comment from Plaintiff or his representatives plausibly establish actual malice. That Cottle did not contact Plaintiff, "who might reasonably be expected to deny" the statements made about him, "is neither surprising nor required." *Jankovic*, 91 F.3d at 595 (citing *McFarlane*, 91 F.3d at 1510–11 (holding that a writer's "failure to contact [the plaintiff] himself about the allegations provides even less support for a finding of actual malice")).

Plaintiff's allegations about Defendants' motive and intent likewise do not move the dial. None of these allegations are supported by actual facts, except those already deemed inadequate above. Moreover, as the court previously ruled, actual malice cannot be inferred from Defendants allegedly having a political or ideological animus towards Plaintiff. *See* Mem. Op. at 8 (citing *Tavoulareas v. Piro*, 817 F.2d 762, 795 (D.C. Cir. 1987)). Plaintiff's additional contention that Defendants had a "preconceived view or slant" towards Plaintiff fares no better. *See Jankovic*, 822 F.3d at 597 (holding that the assertion a writer had "concocted a pre-conceived storyline . . . fails to establish actual malice"). And, even if Defendants deliberately set out injure him, as Plaintiff contends, "the mere presence of some ulterior motive . . . [such as] a personal desire to harm the subject of the story" is not enough to support actual malice. *Id.* at 596. Plaintiff's

3

allegations as to Defendants' motive and intent, lacking both factual support and legal significance, therefore cannot establish actual malice.

Finally, because Plaintiff's defamation claims are inadequately pleaded, so too are his claims for false light and tortious interference with prospective business advantage. *See* Mem. Op. at 9–10; s*ee also Farah v. Esquire Magazine,* 736 F.3d 528, 540 (D.C. Cir. 2013) (finding that, when the plaintiffs' underlying defamation claim failed, so too did their tort claims based on the same allegedly defamatory speech, including their tortious interference claim); *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 274 (D.D.C. 2017) (noting that a "false light claim involving a public figure . . . requires proof of actual malice").

In short, Plaintiff's Amended Complaint fails to shore up the deficiencies that led to the dismissal of his initial pleading. Accordingly, Plaintiff's Motion for Leave to Amend, ECF No. 17, is denied and this action is hereby dismissed. This is a final, appealable order.

Dated: December 3, 2019

Amit P. Mehta
United States District Court Judge

4