**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JUSTIN E. FAIRFAX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CBS CORPORATION and CBS BROADCASTING INC.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01176-AJT-MSN |

## RULE 26(f) JOINT PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26, Plaintiff Justin Fairfax by and through undersigned counsel, and Defendants CBS Corporation and CBS Broadcasting Inc. (together "CBS") by counsel, respectfully represent that the parties conferred by telephone on December 6, 2019, as required by Rule 26(f)(2) and hereby submit the following Rule 26(f)(3) Joint Discovery Plan in accordance with this Court's Scheduling Order of November 4, 2019 (ECF #25):

1. **Federal Rule of Civil Procedure 26(f)(3)(A) – Exchange of Rule 26(a)(1) Initial Disclosures.**

The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Federal Rule of Civil Procedure 26(a), except that the parties agree that the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) will be made on or before **December 23, 2019**.

2. **Motions to Add Parties or Amend Pleadings.**

All motions for joinder of parties to this action or to amend the pleadings will be done in accordance with the Federal Rules of Civil Procedure.

3. **Federal Rule of Civil Procedure 26(f)(3)(B) – Discovery Issues and Dates.**

Discovery will be taken regarding the elements of the claims and defenses at issue in the case. Neither party believes that discovery should be conducted in phases.

Discovery Schedule:

a. Last day to propound written discovery requests: **January 13, 2020**. Notwithstanding Local Rule 26(C), all responses to written discovery shall be served via email on opposing counsel within 30 days from the day after the date of transmission.

b. The parties specifically agree that the schedule for Rule 26(a)(2) mandatory disclosures with respect to expert witnesses, in conformance with Local Civil Rule 26(D), is as follows:

   i. Plaintiff: **January 13, 2020**
   ii. Defendant: **February 12, 2020**
   iii. Any Rebuttal Report: **February 27, 2020**

c. The parties agree that the deposition of any expert witness will take place after the date on which that expert's Rule 26(a)(2) disclosure is due, but in accordance with the timing requirements and limitations of Local Civil Rule 26(D).

d. Discovery completion date: As set forth in the Court's Scheduling Order dated November 4, 2019, discovery will be completed by **March 13, 2020**.

e. Exhibits or a copy thereof shall be exchanged with opposing counsel at least one day prior to the final pretrial conference.

f. Pursuant to the Court's Scheduling Order dated November 4, 2019, the final pretrial conference has been set for **March 19, 2020** at 10:00 a.m. This date is six days after the close of discovery. Because the parties anticipate a motion or cross-motions for summary judgment, they respectfully request that the final

      pretrial conference be postponed to a date convenient for the Court at least four weeks after the current March 19 date, so that briefing and consideration of such motion(s) for summary judgment may be undertaken first.

    g. <u>Rule 26(a)(3) Disclosures:</u> Pursuant to the November 4, 2019 Order, the parties agree to exchange Rule 26(a)(3) disclosures no later than one day prior to the final pretrial conference. Objections thereto will be served within 10 days.

The parties agree to exchange electronic copies of discovery requests in Word format, along with copies in .pdf format.

    4. **<u>Federal Rule of Civil Procedure 26(f)(3)(C) – Electronically Stored Information.</u>**

The parties agree that electronically stored information produced in discovery, if any, may be in any of the following formats: .DOC, .DOCX, .XLS, .PDF, .TIF, .MP4, .MXF, and/or .PST. Any such electronically stored information shall be produced to the requesting party via CD, email, or other agreed-upon delivery method. The file format will preserve the page breaks between documents and otherwise allow identification of separate documents and their attachments. The parties will meet and confer regarding production of any responsive, relevant electronic documents that can only be reviewed or accessed with software or other programs that are proprietary. In the event that any party, after reviewing the document, determines that it would like the metadata of that document, that party shall request in writing the metadata, and, if available, subject to objection of counsel to be resolved by the Court if raised, the metadata shall be produced promptly subject to objection of counsel and ruling of the Court, as applicable.

The parties have not identified any issues regarding the preservation of discoverable material at this time. The parties believe that they have taken reasonable steps to preserve all

such information.

       5.      **Federal Rule of Civil Procedure 26(f)(3)(D) – Privilege.**

          a.      <u>Assertion of Privilege or Protections of Trial Preparation Materials.</u> The parties agree to make a good-faith effort to provide a privilege log within fifteen (15) calendar days after service of responses to document requests, with the specific understanding that the production of documents themselves may be done on a "rolling" basis and, as such, corresponding updates and amendments to privilege logs are expected. The parties further agree that attorney-client privileged or work-product protected documents and things created after the date of filing of the original Complaint in this matter need not be identified on any such privilege log.  The parties further agree that they need not log attorney-client privileged communications between counsel of record in this action and the party that took place prior to the filing of the original Complaint in this action, provided that, if a party determines that there may be a good-faith basis on which to challenge the assertion of privilege as to any such communication if such communication exists, the parties will confer in good faith regarding the matter and, if it cannot be resolved by agreement, present the issue to the Court by motion.

          b.      <u>Inadvertent Production.</u> The inadvertent production of documents or information that is privileged or protected, shall not be deemed a waiver of any privilege or protection, provided that upon discovery of the inadvertent production, the producing party shall promptly notify the receiving party in writing of such inadvertent production.  If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other databases.  No use shall be made of such documents during depositions or at trial and they shall not be disclosed to anyone who was not given

access to them before the request to return or destroy. The party returning such documents may move the Court for an order compelling production of the material but such motion shall not disclose the content of the material.

    c.    Should a protective order be appropriate, the parties will confer in good faith to agree on the terms of a draft protective order to propose to the Court.

**6.**     **Federal Rule of Civil Procedure 26(f)(3)(E)- Proposed Changes to Discovery Limitations.**

**Plaintiff's Position:** Plaintiff believes that the parties might have a dispute regarding who constitutes a "non-party" witness as Defendants' counsel has taken the position that only officers, directors or managing agents may be deposed pursuant to a Notice of Deposition—all other of Defendants' employees would therefore be non-parties and each would count against Plaintiff's limit of five (5) non-party depositions pursuant to this Court's November 4, 2019 Scheduling Order (ECF No. 25). Plaintiff's counsel believes this view is incorrect and that witnesses within the control and employ of Defendants or who will be represented by Defendants' counsel at any deposition are proper party witnesses under Federal Rule of Civil Procedure 30(b)(1).

Courts in this district have indicated that "the law concerning who may properly be designated as a managing agent is sketchy."[1] The question of who is a managing agent is determined by factual circumstances on a case-by-case basis and, where debatable, "courts in pretrial proceedings have resolved doubts under the standard in favor of the examining party."[2] Plaintiff believes that this Court will find some, if not all, of Defendants' employees, agents or

---

[1]     *E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 268 F.R.D. 45, 48 (E.D. Va. 2010) (internal quotes and citation omitted).

[2]     *Id.* at 49.

representatives are managing agents for the purposes of FRCP 30(b)(1).

However, in an effort to resolve the matter, Plaintiff requests that he be permitted to take the depositions of five non-parties (meaning non-CBS employees, representatives or agents) as well as up to 10 depositions of CBS employees, representatives or agents. Plaintiff also reserves his right to meet and confer with counsel for CBS about additional CBS-related witnesses after reviewing the initial disclosures by CBS on December 23, 2019.

**Defendants' Position:** Defendants believe it is clear under settled law that employees of a corporate party who are not officers, directors or managing agents of the corporate party properly are treated as "non-parties" for purposes of the limitation on the number of non-party depositions. Undersigned defendants' counsel anticipates, but will confirm with the specific employees whom Plaintiff seeks to depose, that counsel will be authorized to accept service of Rule 45 subpoenas upon such employees by email from Plaintiff's counsel. Defendants also consent to a motion to allow eight non-party depositions: the five CBS employees and three other individuals whose depositions Plaintiff is currently seeking. CBS is prepared to consider consenting to a motion by Plaintiff for leave to take more than eight non-party depositions, provided that the total number is reasonable and the proposed witnesses are relevant to the claims and defenses at issue.

Accordingly, the parties will continue to confer in good faith regarding this issue, but may brief the matter to this Court in due course.

**7. Other Items**

    a. <u>Dispositive Motions.</u> The parties agree that any dispositive motions (and accompanying memoranda), including *Daubert* motions (and accompanying memoranda), shall be filed no later than ten (10) days after the conclusion of discovery, with the subsequent opposition and reply deadlines comporting with the Local Rules of this Court and the Federal

Rules of Civil Procedure.

  b. <u>Magistrate Judge.</u> The parties do not agree to try this matter in front of a U.S. Magistrate Judge.

  c. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses</u>

The parties agree to that all pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules. In addition, the parties agree to service of discovery via electronic mail. Any document sent or transmitted prior to 11:59 p.m. Eastern Standard Time on the date due shall be considered timely filed or served. The serving party shall attach the pleading or paper in "Portable Document Format" (".pdf") or other form of electronic file (discovery requests shall also be attached in Microsoft Word (.doc or .docx) format). Any document served via email pursuant to this Joint Discovery Schedule shall be deemed to have been served in the same manner as electronic service under Federal Rule 5(b)(2)(E) with the same effect.

Voluminous discovery materials may be served by providing an email notice, and by sending/receipt via secure online document transfer system (e.g., Biscom, DropBox, etc.) on the same day as email notice, or sending for next day delivery (e.g., by FedEx) the voluminous materials by DVD or other mass storage, machine-readable media. The link to an online transmission shall remain active throughout the case, and materials sent overnight should be trackable. Originals of documents that exist only in hard-copy format but which are imaged for production, e.g., notebooks, will be maintained and made available for inspection on reasonable notice.

  **8.** **<u>Modification</u>**

A party's agreement to the deadlines and limitations stated in this plan is without

prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

9. **Joint Request for Waiver of Pretrial Conference**

The Parties request that the Court adopt this discovery plan, including the request in paragraph 3.f above that the final pretrial conference be postponed for at least four weeks to permit filing and consideration of anticipated motions for summary judgment.

**SO STIPULATED**

Date: December 11, 2019

Respectfully submitted,

| KROPF MOSELEY PLLC | BALLARD SPAHR LLP |
|---|---|
| By /s/ Daniel M. Portnov | By /s/ Matthew E. Kelley |
|    Sara E. Kopf, Va. Bar No. 84931 |    Lee Levine (*pro hac vice*) |
|    Daniel M. Portnov (*pro hac vice*) |    Jay Ward Brown, Va. Bar No. 34355 |
| 1100 H Street NW, Suite 1220 |    Matthew E. Kelley, Va. Bar No. 84045 |
| Washington, DC 20005 | 1909 K Street NW, 12th Floor |
| (202) 627-6900 | Washington, DC 20006-1157 |
| Phone: 202-627-6900 | Phone: 202-661-2200 |
| sara@kmlawfirm.com | Fax: 202-661-2299 |
| dan@kmlawfirm.com | levinel@ballardspahr.com |
| | brownjay@ballardspahr.com |
| *Counsel for Plaintiff* | kelleym@ballardspahr.com |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I certify that on December 11, 2019, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

*/s/ Matthew E. Kelley*
Matthew E. Kelley, Va. Bar No. 84045
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Phone: 202-661-2200
Fax: 202-661-2299
kelleym@ballardspahr.com

*Counsel for Defendants CBS Corporation and CBS Broadcasting Inc.*